UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERALD DAVIDSON,<br><br>        Plaintiff,<br><br>    v.<br><br>D. DAVEY, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-00979 - LJO- JLT (PC)<br><br>AMENDED ORDER DIRECTING THE CLERK TO ASSIGN THIS MATTER TO THE APPROPRIATE U.S. DISTRICT COURT JUDGE<br><br>AMENDED ORDER DIRCTING DEFENDANT BROWN TO FILE A RESPONSIVE PLEADING WITHIN TWENTY-ONE DAYS<br>(Doc. 1-2)<br><br>AMENDED FINDINGS AND RECOMMENDATION DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br>(Doc. 1-2) |

Plaintiff Derald Davidson ("Plaintiff") is a state prisoner proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1-2). Defendants removed this matter from the Kern County Superior Court on June 24, 2013, (Doc. 1), which the Court presently screens pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court finds that Plaintiff states a cognizable Eighth Amendment claim of inadequate medical care against Officer Brown only. Likewise, the Court **FINDS** that Plaintiff fails to state a cognizable claim as to the remaining Defendants and **RECOMMENDS DISMISSAL** of the remaining claims.

///

## I. SCREENING REQUIREMENT

Because Plaintiff seeks redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. PLEADING STANDARDS

### A.   Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (*quoting* Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on

its judicial experience and common sense." Id. at 679.

### B. 42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

## III. COMPLAINT

Plaintiff's claim against Officer Brown arose while he was incarcerated at Kern Valley State Prison in Delano, California. (Doc. 1-2 at 5). Plaintiff is presently housed at the Deuel Vocational Institution located in Tracy, California, where his claims against Chief Deputy Warden Davey, Associate Warden Pfeiffer, Appeals Coordinator Tallerico, Sgt. Jones, and CDCR Chief of Inmate Appeals Lozano arose. Id. at 5-6. Plaintiff's allegations are summarized as follows:

Plaintiff suffers from "chronic foot problems" and has been prescribed orthopedic shoes to alleviate the pain associated with standing and walking. Id. at 5. On November 18, 2011, Plaintiff reported to Receiving and Release ("R&R") at KVSP because he was being transferred to DVI. Id. At the R&R, Officer Brown ordered Plaintiff to remove his orthopedic shoes. Id. Officer Brown apparently believed these shoes to be personal shoes which were not permitted on the transfer bus. Id.

Plaintiff explained to Officer Brown why he needed his orthopedic shoes and even requested that Officer Brown call the on-duty medical staff to verify his medical need. (Doc. 1-2 at 5). Officer Brown refused, confiscated Plaintiff's shoes, and failed to give Plaintiff a receipt of his property. Id. Consequently, Plaintiff had to "tip toe to the bus" in order to alleviate the pain in his legs. Id. at 5-6. To date, CDCR personnel have not returned Plaintiff's orthopedic shoes to him. Id. at 6.

On his arrival at DVI, Plaintiff filed a CDCR Form 602 inmate grievance. (Doc. 1-2 at 6). Sgt. Jones and Associate Warden Pfeiffer granted the appeal regarding the return of Plaintiff's shoes, but

he did not receive return of the shoes and the involved personnel did not ensure the shoes were returned. Id.  Plaintiff appealed the failure to return his shoes and the inaction of CDCR personnel related to his grievance and demanded compliance with the CDCR regulations. Id. at 7.

In response, on March 9, 2012, prison officials issued a "Modification Order" which noted that Plaintiff's appeal was granted but there was no method specified for compensating Plaintiff for the loss of the shoes. (Doc. 1-3 at 32)  The Modification Order required a new First Level investigation to determine whether Plaintiff had established proof of ownership of orthopedic shoes, whether he was in possession of the shoes at the time of the alleged event and whether Plaintiff established prison officials had been negligent in handling his property.  Id.  If the new investigation answered these questions in the affirmative, the Modification Order required a determination as to how Plaintiff would be compensated.  Id.

As a result of this Modification Order request, the investigation revealed that, though Plaintiff had possession of tennis shoes at the time he was transferred to DVI, they were not medically authorized and, therefore, the investigation determined Plaintiff failed to demonstrate ownership of the subject shoes. (Doc. 1-3 at 22, 32)  Thus, the earlier determination to grant Plaintiff's grievance was reversed. Id. at 22.  The denial at the First Level, therefore, was ordered by Sgt. Jones and Associate Warden Pfeiffer. Id.

Sometime before April 24, 2012, Plaintiff appealed this reversal but, apparently, believed the Modified First Level response was a Second Level response to his original grievance. (Doc. 1-3 at 32)  Thus, Plaintiff submitted his appeal to the Third Level. Id.  As a result, on May 31, 2012, this appeal was rejected by Chief of Inmate Appeals, Lozano. Id.  On June 19, 2012, Plaintiff then resubmitted the appeal to the Second Level but failed to complete "Section D" which is required for a Second Level appeal. Id. at 29.  Instead, Plaintiff completed "Section F" which relates to a Third Level appeal and, in doing so, complained about what he believed was an illegal act in seeking the modification in the first place. Id. In addition, he claims in this Section to have provided chronos and receipts which disputed the Modified First Level response.  Id. This appeal was cancelled by Appeals Coordinator Tallerico, on June 20, 2012 as untimely.  Id. at 32. In doing, the prison official noted Plaintiff had only 30 days from the March 30, 2012 Modified First Level response to submit his Second Level and he

1  did not so. Id.

2  Plaintiff then filed a Second Level appeal challenging the cancellation and this appeal was
3  denied by Chief Deputy Warden Davey. (Doc. 1-3 at 33) Likewise, his Third Level appeal of the
4  cancellation was denied by Defendant Lozano as well. Id. at 34.

5  **IV.    DISCUSSION AND ANAYLSIS**

6       **A.    Eighth Amendment – Failure to Provide Adequate Medical Care**

7  The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized
8  standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (*quoting* Jackson v.
9  Bishop, 404 F.2d 571, 579 (8th Cir. 1976)). The prohibition of cruel and unusual punishment requires
10 that prison officials to provide medical care to prisoners. Id. at 104-05. To state a claim arising in the
11 context of inadequate medical care, a plaintiff must point to "acts or omissions sufficiently harmful to
12 evidence deliberate indifference to serious medical needs." Id. at 106. Thus, a cognizable claim has
13 two elements: "the seriousness of the prisoner's medical need and the nature of defendant's response
14 to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991*), overruled on other grounds*
15 *by* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

16 Plaintiff alleges he suffers from chronic foot problems. (Doc. 1-2 at 5). Plaintiff alleges that he
17 "cannot stand, or walk over a few steps without extreme pain and suffering." Id. at 5. As a result, he
18 requires "specifically ordered and medically approved, orthopedic shoes." Id. (emphasis in original).
19 Plaintiff indicates that the lack of orthopedic shoes causes increased pain, "feet swelling, and
20 numbness" in his legs, and hinders his mobility. Id. at 6. Thus, at this early stage in the proceeding,
21 the Court finds these allegations sufficient to demonstrate Plaintiff suffered from a serious medical
22 condition. Coleman v. Wilson, 912 F. Supp. 1282, 1298 (E.D. Cal. 1995).

23 With regard to Officer Brown, Plaintiff indicates he made Officer Brown aware of his need for
24 the orthopedic shoes indicating that he "could not stand [] or walk over a few feet without extreme
25 pain and suffering." (Doc. 1-2 at 5). Despite this knowledge, Officer Brown indicated that he "did not
26 care if [they] were orthopedic shoes" and ordered Plaintiff to remove his shoes. Id. Notably, Plaintiff
27 alleges that he further requested that Officer Brown verify the Plaintiff's need for the orthopedic shoes
28 with the on-duty medical staff. Id. Officer Brown refused to do so and confiscated Plaintiff's

orthopedic shoes, which were never returned to the Plaintiff. Id.  As a result, Plaintiff' experienced pain and limited mobility. Id. at 6.  Taken in a light most favorable to the Plaintiff, Plaintiff states a cognizable claim against Officer Brown.

### B. No Right to a Particular Grievance Procedure

Plaintiff avers that Defendants Davey, Pfeiffer, Tallerico, Brown, and Lozano, violated his state and federal due process rights by improperly handling his appeal. (Doc. 1-2 at 6-8).  To the extent that Plaintiff alleges that prison officials ignored his inmate grievances or mishandled it, he is advised that it is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Therefore, when a prison official denies, screens-out, or ignores an inmate's grievance, the prison official does not deprive the inmate of any constitutional right.  See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegation that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances without any basis failed to show a deprivation of federal rights). Thus, as the Court has previously held, the manner in which prison personnel handled an inmate's administrative appeal cannot stand as the basis for liability under 42 U.S.C. § 1983. Shallowhorn v. Gonzalez, Case No. 1:11-CV-00305-GBC PC, 2012 WL 1551342, at * 3 (E.D. Cal. Apr. 30, 2012) *aff'd,* 12-16310, 2013 WL 1189422 (9th Cir. Mar. 25, 2013).

Here, Plaintiff contends that Defendants granted his appeal but failed to ensure that prison personnel corrected the alleged violation. (Doc. 1-2 at 6).  According to Plaintiff, this action violated CDCR regulations. Id.  In addition, Plaintiff takes great exception to the Modification Order being issued.  He describes this Order as an attempt by certain defendants to file a 602 grievance on his behalf.  (Doc. 1-3 at 7) Exactly why he believes this is so, rather than how the document describes itself (Doc. 1-3 at 20)—as an attempt to correct an ambiguity in the prior First Level response—is not

clear. In any event, whether described as a Modification Order or a 602 grievance filed on Plaintiff's behalf makes no difference to the Court's analysis. As noted above, Plaintiff has not constitutional right—whether founded on due process grounds or otherwise, to any particular grievance procedures. Moreover, even if the actions of prison officials in handling his grievance violated state law, generally, such a violation does not create a cause of action under 42 U.S.C. § 1983. Campbell v. Burt, 141 F.3d 927, 930 (9th Cir. 1998).

Moreover, though Plaintiff contends Appeals Coordinator Tallerico, Warden Pfeiffer, Warden Davey, and J.D. Lozano violated his rights by failing to ensure that their subordinates properly processed his appeal (Doc. 1-2 at 6) Plaintiff is advised that liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948–49 (2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Each defendant is only liable for his or her own misconduct. Id. Plaintiff does not allege that these Defendants engaged in any further violations of his rights beyond the handling of his administrative grievance and thus he fails to demonstrate liability pursuant to 42 U.S.C. § 1983.

On the other hand, the exhibits attached to the complaint[1] demonstrate that it was Plaintiff - not Defendants Davey, Pfeiffer, Tallerico, Brown, or Lozano - who was responsible for the manner in which his appeal progressed. It appears that when prison personnel denied his First Level appeal through the mechanism of the Modified First Level response on March 30, 2012, Plaintiff was advised that he must appeal to the Second Level within 30 days. (Doc. 1-2 at 32). Nonetheless, Plaintiff elected to bypass the Second Level and appealed directly to the Third Level. Id. CDCR personnel rejected the Third Level appeal due to Plaintiff's failure to comply with the CDCR's regulations which required him to appeal to the Second Level before the Third. Id. at 32, 34. Finally, when Plaintiff finally filed his Second Level appeal, he failed to write anything on the form as required for the Second Level appeal. Id. Because this appeal was filed more than 30 days after the Modified First Level response was provided, prison officials cancelled the appeal. Id. at 32.

---

[1] The Court may, and does, properly consider materials which have been attached to the complaint. *See e.g.,* Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 (9th Cir. 1989).
However, in summarizing the documents as it has done here, it makes no comment on whether Plaintiff has exhausted his administrative remedies as required by the PLRA.

Thus, Plaintiff fails to state a cognizable claim against Defendants Davey, Pfeiffer, Tallerico, Brown, and Lozano.

Finally, the Court notes that the sole basis of Plaintiff's complaint against Defendants Davey, Pfeiffer, Tallerico, Brown, and Lozano is the manner in which they handled his appeal. It does not appear Plaintiff has any other cognizable complaints against these defendants related to the confiscation of his shoes. Thus, the Court finds that granting Plaintiff leave to amend his complaint as to these Defendants would be futile. Therefore, the Court recommends that this matter be **DISMISSED without leave to amend** as to Defendants Davey, Pfeiffer, Tallerico, Brown, and Lozano.

**ORDER**

Accordingly, it is **HEREBY ORDERED** that:

1. Officer Brown **SHALL** file a responsive pleading **within 21 days** of the date of service of this Order; and

2. **This Amended Order and Findings and Recommendations SHALL supersede the Order and Findings and Recommendations (Doc 7), dated July 17, 2013**.

**FINDINGS AND RECOMMENDATIONS**

Based upon the foregoing, the Court **HEREBY RECOMMENDS** that Plaintiff's claims against Defendants Davey, Pfeiffer, Tallerico, Brown, and Lozano be **DISMISSED without leave to amend** for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **14 days after being served with these findings and recommendations**, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.

///

///

1  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 19, 2013**          **/s/ Jennifer L. Thurston**
                                  UNITED STATES MAGISTRATE JUDGE