UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERALD DAVIDSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVEY, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00979 – LJO – JLT (PC)<br><br>FINDING AND RECOMMENDATION GRANTING THE MOTION TO DISMISS<br><br>(Doc. 13) |

　　　　Plaintiff Derald Davidson is a state prisoner proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1-2). On August 28, 2013, Defendant Brown filed his motion to dismiss for Plaintiff's failure to exhaust his administrative remedies, for Plaintiff's failure to state a claim, and on the grounds of qualified immunity. (Doc. 13). Despite the adequate warning provided by Defendant pursuant to *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc), Plaintiff has failed to respond to the motion to dismiss.

　　　　Having read and considered the pleadings, and, for the reasons set forth below, the Court **RECOMMENDS** that the complaint be **DISMISSED.**

///

///

I.　　**Factual Background**

　　　　Plaintiff's claim against Officer Brown arose while he was incarcerated at Kern Valley State

Prison ("KVSP") in Delano, California. (Doc. 1-2 at 5). According to Plaintiff, he suffers from "chronic foot problems" and has been prescribed orthopedic shoes to alleviate the pain associated with standing and walking. Id. On November 18, 2011, Plaintiff reported to Receiving and Release ("R&R") at KVSP in order to transfer to Deuel Vocational Institute ("DVI"). Id. At the R&R, Officer Brown ordered Plaintiff to remove his orthopedic shoes because they were not permitted on the transfer bus. Id.

Plaintiff explained his need for the orthopedic shoes to Officer Brown. (Doc. 1-2 at 5). Officer Brown refused to listen, confiscated Plaintiff's shoes, and failed to provide Plaintiff a receipt for his property. Id. Consequently, Plaintiff had to "tip toe to the bus" in order to alleviate his leg pain. Id. at 5-6. Plaintiff's shoes were not returned to him.

## II.  Legal Analysis

### A.  § 1997(e)(a) of the Prison Litigation Reform Act

Defendant argues that Plaintiff failed to exhaust his administrative remedies regarding the claim set forth in his complaint. (Doc. 13-1). Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are thus required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion of administrative remedies is mandatory regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002).

In order to properly exhaust administrative remedies, an inmate must comply with the prison's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006). The California Department of Corrections and Rehabilitation ("CDCR") has established an administrative grievance system for prisoner complaints. See Cal. Code Regs, tit. 15 § 3084.1 (West 2013). Inmates "may appeal any policy, decision, action, condition, or omission" of the CDCR or CDCR personnel which has a "material adverse effect upon his or her health, safety, or welfare." Id. at § 3084.1(a).

The inmate appeal typically proceeds through three levels of review and requires an inmate to

appeal within the timeframes set forth by the Cal. Code of Regulations. Id. at §§ 3084.7, § 3084.8. Inmates initiate an appeal by submitting a CDCR Form 602 or "inmate appeal" to the first level Id. at §§ 3084.2(a), 3084.7(a). When prison personnel deny a first level appeal, a prisoner must appeal to the second level of review. Id. at § 3084.7(b). The second level **must** be completed prior to submitting a third level review. Id. A third level review generally exhausts a prisoner's administrative remedies. Id. at § 3084.7(c). All appeals must be submitted to the appropriate level within 30 calendar days of either: "(1) [t]he occurrence of the event or decision being appealed, (2) [u]pon first having knowledge of the action or decision being appealed, or; (3) [u]pon receiving an unsatisfactory departmental response to an appeal filed." Id. at 3084.8(b).

The exhaustion requirement is not jurisdictional, but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendant bears the burden of raising and proving the absence of exhaustion. Id. at 1119. In deciding the motion, "the court may look beyond the pleadings and decide disputed issues of fact." Id. If the court concludes that the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. If a complaint contains exhausted and unexhausted claims, "the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

A review of the record indicates that Plaintiff failed to exhaust his administrative remedies. Defendant avers that Plaintiff filed two inmate appeals regarding the confiscation of Plaintiff's shoes which were both screened out before reaching a final decision at the third level. (Docs. 13-2 at 3, 6; 13-3 at 2). Specifically, prison personnel screened out Institutional Log No. KVSP-11-01508 ("Log. No. 1508") on May 31, 2012, and screened out Institutional Log No. KVSP-12-02543 ("Log. No. 2543") on October 1, 2012. Id. Each grievance is addressed as follows:

### 1. Institutional Log No. KVSP-11-01508

Plaintiff filed an inmate grievance upon his arrival at DVI on December 11, 2011, which was assigned Log. No. 1508. (Docs. 13-3 at 12; 1-2 at 6). Plaintiff requested the return of his orthopedic

shoes or, in the alternative, that the CDCR reimburse him for their cost. (Doc. 13-3 at 12).[1] Sgt. Jones and Associate Warden Pfeiffer granted the appeal at the first level. (Doc. 1-2 at 6). However, on February 23, 2012, Plaintiff submitted an appeal to the Second Level because the first level review "did not describe the method of reimbursement [] for his shoes." (Docs. 13-3 at 13; 1-2 at 7).

In response, on March 9, 2012, officials at the Second Level issued a "Modification Order" which noted that Plaintiff's appeal was granted but noted that the order lacked any specified method for compensating Plaintiff for the loss of the shoes. (Docs. 13-3 at 17; 1-2 at 32). The Second Level remanded the appeal and ordered the First Level to determine whether Plaintiff had established proof of ownership of orthopedic shoes, whether he was in possession of the shoes at the time of the alleged event, and whether Plaintiff established that prison officials had been negligent in handling his property. (Doc. 1-2 at 32).

On March 28, 2012, the First Level reversed its prior favorable decision toward the Plaintiff. (Doc. 1-2 at 21). The First Level determined that Plaintiff's tennis shoes were not medically authorized and that Plaintiff failed to demonstrate ownership of the shoes. (Docs. 13-3 at 15; 1-2 at 22, 32). Prison personnel delivered notice of the decision to Plaintiff on March 30, 2012. (Doc. 13-3 at 22).

Before April 24, 2012, Plaintiff appealed this reversal but submitted his appeal to the Third Level, rather than the Second Level. (Doc. 1-2 at 32). As a result, on May 31, 2012, Chief of Inmate Appeals Lozano canceled Plaintiff's appeal. Id. Subsequently, on June 19, 2012, Plaintiff resubmitted the appeal to the Second Level. (Doc. 13-3 at 22; Doc. 1-2 at 32). However, prison officials canceled his appeal the following day because his submission exceeded the time limits permitted. (Docs. 13-3 at 22; 1-2 at 32). Prison officials noted that "YOUR FIRST LEVEL RESPONSE WAS RETURNED TO YOU ON 3/30/13. YOU HAD ONLY 30 DAYS TO FORWARD YOUR APPEAL FOR A SECOND LEVEL RESPONSE IF DISSATISFIED." (Doc. 13-3 at 22) (emphasis in original).

As noted above, Cal. Code Regs, tit. 15 § 3084.8(b) required Plaintiff to appeal the modified First Level decision to the Second Level within 30 days of first having knowledge of the decision. *See*

---

[1] Defendant does not object to the substantive content of Plaintiff's inmate grievance.

4

1  *also* Cal. Code Regs, tit. 15 § 3084.7(b).  Plaintiff instead elected to bypass the Second Level of
2  review when appealing the modified First Level decision. (Doc. 1-2 at 25).[2]   In some instances
3  exhaustion may occur prior to an appeal to the Third Level, however, no such exception presents itself
4  here. *See e.g.*, Sapp v. Kimbrell, 623 F.3d 813 (9th Cir. 2010) (Discussing that an improper screening
5  may excuse an inmate's failure to satisfy the exhaustion requirement).  Given Plaintiff's failure to
6  comply with the statutory requirements of the inmate grievance procedure, the Court finds that
7  Plaintiff failed to exhaust his administrative remedies with regard to Log No. 1508.

8          2.   Institutional Log No. KVSP-12-02543.

9        Defendants argue that Log No. 2543 should be dismissed because it contained procedural
10 defects. (Doc. 13-1 at 8).  Specifically, Defendants aver that Plaintiff failed to file an appeal to the
11 Third Level within the allotted timeframe.  The Court agrees.

12       As required, Plaintiff appealed the cancellation of Log. No. 1508 on July 2, 2012, which was
13 assigned Log. No. 2543. (Doc. 13-3 at 24); Cal.Code Reg., tit. 15, §§ 3084.6(e) (An inmate may
14 separately appeal the cancellation of his appeal, but cannot appeal the substantive merits of his initial
15 claim).  Prison personnel bypassed the First Level of the appeal. (Doc. 1-2 at 26).  In a Second Level
16 decision dated August 6, 2012, the Chief Deputy Warden of KVSP analyzed Log. No. 1508 at length.
17 (Doc. 1-2 at 31-33).  The Warden concluded that the Plaintiff previously failed to follow procedure.
18 Id. at 33.

19       Both the Warden and the CDCR Form 602 advised Plaintiff that he must appeal his Second
20 Level response to the Third Level Review within 30 days of receipt of the decision if he was
21 unsatisfied with the Warden's decision. (Doc. 1-2 at 27, 33).  According to records presented by the
22 Plaintiff, the decision was delivered or mailed to him on August 9, 2012. Id. at 27.  However, he did
23 not submit his appeal to the Third Level until September 17, 2012, which was more than 30 days after
24 it was mailed or delivered to him. Id.

25       Exactly why Plaintiff failed to timely appeal the Second Level decision is unexplained.  Given

---

27     [2] In his complaint, Plaintiff suggests that an appeals officer "fabricated an (sic) illegal STATE DOCUMENT" in
permitting an amendment to the original First Level Decision. (Doc. 1-2 at 6-7, 23-24) (emphasis in original).  However,
28 Cal. Code Regs, tit. 15 § 3084.6 permits the next level of review to modify a prior level's decision.  Thus, his claim is
without merit.

that Log. No. 2543 arose because of Plaintiff's failure to timely appeal Log. No. 1508, Plaintiff was clearly aware of the need to timely appeal any decision. As such, the Court finds that Plaintiff failed to exhaust his administrative remedies under the PLRA. Thus, the Court **RECOMMENDS** that the claim be **DISMISSED.** [3]

### FINDINGS AND RECOMMENDATIONS

Accordingly, and for the aforementioned reasons, the Magistrate Judge **RECOMMENDS** that Defendant's motion to dismiss for failure to exhaust (Doc. 13) be **GRANTED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order**. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 26, 2013**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[3] In light of this determination, the Court does not consider the other arguments made in the motion.